**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sunglass Designs, Inc., an Arizona corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Wild Style Sunglasses, et al.,<br><br>        Defendant. | No. CV-08-1984-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for order to show cause for contempt of court against all defendants. Dkt. #30. The motion is fully briefed. For the reasons that follow, the Court will deny Plaintiff's motion.[1]

**I.    Background.**

Plaintiff initially filed a complaint on October 29, 2008, alleging trademark infringement and other claims. Dkt. #1. After an amended complaint was filed, the parties reached a settlement and a final consent judgment was entered on February 25, 2009. The consent agreement states that Defendants "release Sunglass Designs, Inc. . . . including any

---

[1] The request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision or result in unfair prejudice. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *see also* Fed. R. Civ. P. 78.

of its . . . attorneys . . . from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted[.]" Dkt. # 28 ¶ 4, 29 ¶ 4.

After the consent judgment was entered, William Zeuner, Sr., father of Defendant William Zeuner and relation of Defendant Michael Zeuner, sent a letter to the State Bar of Arizona alleging misconduct on the part of Plaintiff's attorney, Jordan Meschkow. Dkt. #30 at 9. Meschkow hired an attorney to file a response to the letter, incurring a cost of $1,505.20. Dkt. # 30 at 87-88. The State Bar determined that further investigation into the charges was unwarranted. Dkt. #30 at 84. On June 23, 2009, Plaintiff filed a motion for order to show cause for contempt of court against all defendants, alleging that Defendants violated the consent agreement when William Zeuner, Sr. complained to the State Bar about Meschkow's conduct. Dkt. #30.

## II. Motion for order to show cause.

Plaintiff has the burden to prove that Defendants are in contempt of a court order. "'The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely by a preponderance of the evidence.'" *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citation omitted).

Plaintiff contends that Defendants are in contempt of court because they violated the consent judgment by sending the bar complaint. Dkt. #30 at 90.[2] Defendants argue that Plaintiff's motion should be denied on four separate grounds. Dkt. #31. Defendants argue that a consent judgment cannot restrict the right to file a bar complaint as a matter of public

---

[2] Plaintiff argues that the Court can make no inquiry into whether Defendants actually made a claim covered by the consent agreement, citing *Botsolas v. Schultz Laboratories*, 351 F. Supp. 188 (D.C. Cal. 1972). *Botsolas* is inapposite. It holds that where a court issues an injunction against further infringement of a patent pursuant to a consent decree, the Court will not inquire further into the validity of the patent. *Id.* at 190. Here the Court clearly must determine whether the letter to the State Bar, written by a relative of some Defendants, constitutes a claim and violates the final consent judgment.

1 policy, that the consent judgment in this case did not restrict the right to file a bar complaint
2 because the letter did not constitute a claim, that the consent judgment was not violated
3 because William Zeuner Sr. was not a party to the consent agreement, and that the release
4 in the contempt agreement is not violated by filing a claim – the release is simply a defense
5 to liability. *Id.* In reply, Plaintiff restates Defendants' arguments and asserts that they are
6 invalid without citing any legal authority whatsoever. Dkt. #32 at 5-8. Plaintiff also appears
7 to argue that William Zeuner, Sr. is an agent of Defendants and that the letter violated the
8 release because the release stated that all claims were waived. *Id.*

9 Even assuming that William Zeuner, Sr. is an agent of Defendants, Plaintiff has failed
10 to show by clear and convincing evidence that Defendants violated the consent judgment.
11 The plain language of paragraph 4 does not mention bar complaints and Plaintiff has failed
12 to cite any authority for the proposition that a bar complaint is a cause of action, claim, or
13 suit as provided in the consent judgment. In addition, Plaintiff has failed to show that a
14 promise made by Defendants not to file a bar complaint would even be enforceable. The
15 Ethics Committee of the State Bar of Arizona has stated as a matter of public policy that
16 every attorney must be accountable for his misconduct and cannot contract away such
17 accountability. *See* Ethics Opinion No. 91-23 (Nov. 25, 1991) (holding that an attorney may
18 not agree to settle a fee dispute with his client on condition that the client agree not to file a
19 bar complaint against him); *see also Eitel v. McCool*, 602 F. Supp. 126, 128 (E.D. Wash.
20 1984) (holding that court would not enforce a provision of a settlement agreement prohibiting
21 the filing or maintenance of a bar complaint because the provision is clearly contrary to
22 public policy). In addition, the Arizona Supreme Court has held that "there is an absolute
23 privilege for anyone who files a complaint alleging unethical conduct by an attorney with a
24 State Bar Grievance Committee." *Drummond v. Stahl*, 618 P.2d 616, 620 (Ariz. 1980).
25 Thus, even if the consent judgment was construed to encompass a bar complaint, it would
26 not be enforceable. Defendants have an absolute privilege to make a bar complaint under
27 Arizona law.
28

Plaintiff also asserts that by requesting attorneys' fees in the response, Defendants are making a claim and thus violating the consent judgment. Dkt. #32 at 8. This argument is specious. The consent judgment provides for an award of attorneys' fees in actions brought to enforce the consent judgment or for a violation of the consent judgment. Dkt. ## 28 ¶ 6, 29 ¶ 6. Defendants do not violate the consent judgment by seeking a remedy provided by the judgment itself.

**III. Request for attorneys' fees.**

Defendants request costs and attorneys' fees incurred in their response to Plaintiff's motion. Dkt. #31. Paragraph 6 of the consent judgment clearly states that "[t]he prevailing party shall be entitled to allowable costs and reasonable attorney fees associated with any action to enforce this Final Consent Judgment, or any arising out of a violation of this Final Consent Judgment." Dkt. ## 28 ¶ 6, 29 ¶ 6. Because the Court is denying Plaintiff's motion, Defendants are the prevailing party in an action filed by Plaintiff to enforce the judgment. The Court therefore will award reasonable costs and attorneys' fees to Defendants.

**IT IS ORDERED:**

1. Plaintiff's motion for order to show cause (Dkt. #30) is **denied**.
2. Defendants' request for attorneys' fees (Dkt. #31) is **granted**.
3. Defendants must file a memorandum detailing reasonable attorneys' fees incurred in responding to Plaintiff's motion by **September 25, 2009**. Plaintiff shall respond by **October 9, 2009**. No reply shall be filed.

DATED this 1st day of September, 2009.

_____
David G. Campbell
United States District Judge